IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER SYDLOSKY,<br>Plaintiff | No. 3:16cv0095 |
| | (Judge Munley) |
| v. | |
| PROGRESSIVE INSURANCE<br>COMPANY and BRETHREN<br>MUTUAL INSURANCE COMPANY,<br>Defendant | |

## MEMORANDUM

Before the court for disposition are motions in limine filed in the above-captioned case. The motions have been briefed and are ripe for disposition.

**Background**

On July 2, 2012, in Great Bend Township, Susquehanna County, Pennsylvania, Plaintiff Christopher Sydlosky was operating a 1997 Mack Truck. He slowed his vehicle down to avoid striking a vehicle. When he slowed down, a car driven by Eric Conroy struck him from behind. Plaintiff suffered injuries due to the collision. Travelers Insurance insured Conroy and tendered the limits of the policy, $100,000.00, to the plaintiff.

A company named "Jack C. Husband, Jr., Trucking and Excavating" employed plaintiff and owned the truck he drove the day of the accident. Defendant Progressive Insurance Company insured the truck in the amount of

$500,000.00 in underinsured motorist benefits. Additionally, plaintiff had his own insurance coverage through Brethren Mutual Insurance Company, with underinsured motorist benefits in the amount of $100,000.00.

Plaintiff instituted the instant action to recover underinsured motorist coverage from his employer's policy with Progressive and from his own policy with Brethren. Prior to the pretrial conference, the defendants filed four motions in limine, bringing the case to its present posture.

**Jurisdiction**

This Court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332. The plaintiff is a citizen of Pennsylvania, Defendant Progressive is a citizen of Ohio and Defendant Brethren is a citizen of Maryland. (Doc. 1, Not. of Removal ¶ 15). Because we are sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Discussion**

As noted above, the defendants have filed four motions in limine. One is a joint defense motion, one is filed by Defendant Brethren, and two are filed by Defendant Progressive. We will address them *seriatim* beginning with the joint motion.

2

## I. Joint Defense motion to preclude evidence of injury to plaintiff's lumbar spine (Doc. 34)

Plaintiff alleges that he injured his lumbar spine in the accident in the form of L3-S1 spondylosis. Because the accident occurred during the course and scope of plaintiff's employment, he had a worker's compensation claim. During the handling of that claim, the issue of the spine injury was litigated. The Workers' Compensation Judge found that plaintiff did not suffer a spinal injury due to the accident. Defendants argue that this Workers' Compensation decision collaterally estops plaintiff from raising the issue of spinal injury in the instant case. Plaintiff opposes the motion.

First, plaintiff makes a procedural attack against the defendants' motion in limine. He claims that the defense of collateral estoppel must be raised in the answer to the complaint. Here, neither defendant raises the issue in their answer; therefore, plaintiff argues that the defense is barred. We agree.

The Third Circuit Court of Appeals has explained that the collateral estoppel defense has both procedural and substantive elements. <u>Prinz v. Greate Bay Casino Corp.</u>, 705 F.2d 692, 696 (3d Cir. 1983). Rule 8(c) of the Federal Rules of Civil Procedure provides the procedural element as follows: "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense including: ... estoppel[.]" Thus, the procedural element of

3

collateral estoppel requires that a defendant "must plead estoppel affirmatively as a defense[.]" Prinz, 705 F.2d at 696 (3d Cir. 1983). Here, a review of the defendants' respective answers reveals that neither defendant pled collateral estoppel in its answer. (Doc. 4, Doc. 6). Thus, they will be precluded from raising collateral estoppel as a defense.

Even had the defendants properly raised the defense, the Workers' Compensation Judge's decision is not sufficiently broad to preclude all evidence of lower back pain.

The doctrine of collateral estoppel "prohibits the relitigation of issues that have been adjudicated in a prior lawsuit." In re Docteroff, 133 F.3d 210, 215 (3d Cir. 1997). The law provides:

> For a party to be estopped from relitigating an issue, the following elements must be present: (1) the issue sought to be precluded must be the same as the one involved in the prior action; (2) the issue must have been actually litigated; (3) the issue must have been determined by a valid and final judgment; and (4) the determination must have been essential to the prior judgment.

Id.

In our case, the plaintiff argues that collateral estoppel is inapplicable because the issue sought to be precluded is not the same as the one involved in the prior action. After a careful review, we agree.

The judge found that the plaintiff did not suffer from L3-S1 spondylosis. Specifically, the Judge found:

4

> I find that Claimant suffered symptomatic aggravation of his pre-existing cervical spine degenerative conditions, such that, to relieve those symptoms, the October 2015 cervical spine fusion surgery was necessary. . . .I find that, in addition to neck and **upper and lower back strains and sprains**, Claimant also suffered material aggravation of his pre-existing cervical spine symptoms from bilateral C3-4 and left-side C5-6 foraminal stenosis, as well as C3-4 and C5-6 disc herniations with cord compression, resulting in October 5, 2015, cervical spine fusion surgery. I do not find that Claimant suffered L3-S1 spondylosis as a result of the motor vehicle accident.

(Doc. 35-1, Workers' Compensation Decision at 11) (emphasis added).

Thus, the Workers' Compensation Judge found that the plaintiff did not suffer a L3-S1 spondylosis. We agree with the defendant that this finding does not mean that plaintiff cannot bring a claim at all for lower back injury. As noted above, the Judge also concluded that plaintiff suffered material aggravation of pre-existing cervical spine symptoms and neck and upper and lower back strains and sprains. For these reasons, had the issue been properly raised, collateral estoppel would not have prevented the plaintiff from presenting evidence of lower back pain.

## II. Brethren Mutual Insurance Company's motion to preclude evidence of irrelevant and extraneous insurance information

Defendant Brethren has also moved to preclude irrelevant and extraneous insurance information, that is, the amount of insurance premiums paid by plaintiff for the policy and the limits of underinsured coverage available under the

5

policy. Plaintiff has not opposed this motion. Therefore, it will be granted and evidence of the premiums he paid and the amount of coverage available will be precluded.

### III. Defendant Progressive Insurance Company's motion to preclude plaintiff's testimony on the speed of the tortfeasor vehicle

Defendant Progressive has filed a motion in limine to preclude plaintiff's testimony on the speed of the torfeasor vehicle. Apparently, at his deposition, the plaintiff testified that the vehicle which hit him was "flying". He also testified, however, that he never saw the vehicle. Because he did not see the vehicle, Defendant Progressive argues that plaintiff is incompetent to testify as to its speed. Plaintiff has not opposed this motion. Therefore, it will be granted and plaintiff's testimony as to the speed of the vehicle which hit him will be precluded.

### IV. Defendant Progressive Insurance Company's motion to preclude evidence of extraneous insurance information

Lastly, Defendant Progressive has filed a motion in limine to preclude evidence of extraneous insurance information about the undersinsured insurance policy such as policy limits, terms of coverage as well as the underlying torfteasor's credit and limits. Plaintiff has not opposed this motion. Therefore, evidence of policy limits and terms of coverage of the underinsured insurance policy as well as the underlying tortfeasor's credit and limits will be precluded.

## Conclusion

As set forth above, the motions in limine will be denied in part and granted in part. The joint motion in limine to preclude based on collateral estoppel will be denied. The remaining motions in limine regarding insurance information and the plaintiff's testimony as to the speed of the tortfeasor's vehicle will be granted as unopposed. An appropriate order follows.

Date: <u>Nov. 16, 2017</u>                    <u>s/ James M. Munley</u>
                                              **JUDGE JAMES M. MUNLEY**
                                              **United States District Court**